*204 OPINION.
Siefkin :
The contention of the petitioner is that its business was divided into two parts, and that its income and expenses can be *205 segregated by sales made on its own account as principal and commission sales made for mills. Its position is, further, that a proper segregation of its expenses for the taxable year in question indicates that it had no net income from that portion of its business devoted to trade sales as a principal, and that its entire business resulting in net income consisted of income from commission sales. Seasoning from this position, the petitioner contends that it is entitled to classification as a personal service corporation, on the theory that section 200 of the Revenue Act of 1921, in defining personal service corporations and in using the word “ income,” relates to net income rather than to gross income. Stated in another manner, the position of the petitioner is that although capital played an important part in its business (as we think must be conceded from an examination of the foregoing findings of fact), yet, unless that capital results in net income, the petitioner may still be entitled to personal service classification.
This contention has been denied both by this Board and by the Circuit Court of Appeals for the Eighth Circuit. See Denver Live Stock Commission Co., 7 B. T. A. 985, 29 Fed. (2d) 543. Cf. C. N. Merritt & Bro., Inc., 1 B. T. A. 927; Crider Brothers Commission Co., 10 B. T. A. 338; and Prey Brothers Live Stock Commission, 9 B. T. A. 534. These decisions are binding on us and we must hold that the petitioner is not entitled to classification as a personal service corporation.
Nor are we satisfied that the petitioner is entitled to computation of its tax under the special assessment provisions under the Revenue Act of 1921. We have no evidence even tending to show that the situation, as it existed with the petitioner during the year in question, created an abnormal condition either as to capital or income in that year.
Reviewed by the Board.

Judgment will be entered for the resfondent.